IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KATHY RUSSELL and
LARRY RUSSELL, her husband,

            Plaintiffs,

v.                                CIVIL ACTION NO. 2:24-cv-00325

KLEB, INC., *doing business as
Kentucky Lions Eyebank*,
and JOHN DOE,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant KLEB, Inc. d/b/a Kentucky Lions Eye Bank's Motion to Dismiss Plaintiffs' Complaint* (Document 7), *Defendant KLEB, Inc. d/b/a Kentucky Lions Eye Bank's Memorandum of Law in Support of Its Motion to Dismiss Plaintiffs' Complaint* (Document 8), the *Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss* (Document 11), and *Defendant KLEB, Inc. d/b/a Kentucky Lions Eye Bank's Reply in Support of Its Motion to Dismiss Plaintiffs' Complaint* (Document 12), as well as the Plaintiffs' *Complaint* (Document 1-1), and all exhibits.[1]  For the reasons stated herein, the Court finds that the motion to dismiss should be denied.

---

1 The Plaintiff attached documents supplied by KLEB in response to her request for information to show that KLEB failed to provide information about the corneal tissue implanted on November 16, 2021.  The Court finds that these extrinsic documents are not integral to or explicitly relied on in the Complaint, and they will not be considered.  *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

**FACTUAL ALLEGATIONS**

The Plaintiffs, Kathy Russell and her husband, Larry Russell, brought this case in the Circuit Court of Kanawha County, West Virginia, on or about March 14, 2024. The Defendant, KLEB, filed a notice of removal on July 1, 2024.

Ms. Russell received treatment from Dr. Yuri Arvan for an injury to her left eye, and he ultimately recommended that she receive a corneal transplant. He arranged for her to receive corneal tissue from KLEB. Her body rejected a corneal transplant in the spring of 2021. She received a second corneal transplant on November 16, 2021. On December 24, 2021, her eye was swollen, and her vision began to deteriorate. She saw Dr. Arvan on January 3, 2022, and he played "a recorded message on his phone from someone from Defendant KLEB stating there was a problem with the cornea tissue Plaintiff received from Defendant KLEB." (Comp. at ¶ 11.) Ms. Russell learned that she was suffering from a MRSA infection. She was diagnosed with blindness in her left eye on March 14, 2022. KLEB has refused to provide information regarding the cornea tissue she received.

Ms. Russell brings claims for Negligence, Breach of Warranty, and Strict Liability, and Mr. Russell brings a claim for Loss of Consortium.

**STANDARD OF REVIEW**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff

3

to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendant urges the Court to dismiss the complaint. It argues that the Plaintiff's complaint is barred by the two-year statute of limitations. KLEB contends that the Plaintiff had sufficient information to start the running of the statute of limitations on January 3, 2022, when she learned that there was a problem with the corneal tissue that had been transplanted. It argues that she was aware of the injury because she sought care for signs of infection in her eye following the transplant. KLEB further argues that the discovery rule is not applicable because the Plaintiff was on notice of her injury and the possible breach of a duty of care and had the duty to investigate.

The Plaintiff argues that the statute of limitations began to run from the date of the injury for which she seeks to recover—the blindness in her left eye that was diagnosed on March 14, 2022. She further argues that the discovery rule applies, noting that she specifically alleged that KLEB has refused to provide information about the corneal tissue that allegedly caused the blindness in her left eye. Indeed, because she still lacks information necessary to establish the causal link between the problem with the tissue and her injury, she contends that the statute of limitations may not yet have begun to run. Finally, she argues that determining when a plaintiff

had the necessary information to trigger the running of the statute of limitations is a factual question to be decided by the jury, not resolved on a motion to dismiss.

This action is subject to West Virginia's two-year statute of limitations for personal actions for damages for personal injuries. W. Va. Code § 55-2-12(b). The West Virginia Supreme Court has established a five-step process for addressing a statute of limitations defense:

> A five-step analysis should be applied to determine whether a cause of action is time-barred. First, the court should identify the applicable statute of limitation for each cause of action. Second, the court (or, if questions of material fact exist, the jury) should identify when the requisite elements of the cause of action occurred. Third, the discovery rule should be applied to determine when the statute of limitation began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action, as set forth in Syllabus Point 4 of *Gaither v. City Hosp., Inc.,* 199 W.Va. 706, 487 S.E.2d 901 (1997). Fourth, if the plaintiff is not entitled to the benefit of the discovery rule, then determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action. Whenever a plaintiff is able to show that the defendant fraudulently concealed facts which prevented the plaintiff from discovering or pursuing the potential cause of action, the statute of limitation is tolled. And fifth, the court or the jury should determine if the statute of limitation period was arrested by some other tolling doctrine. Only the first step is purely a question of law; the resolution of steps two through five will generally involve questions of material fact that will need to be resolved by the trier of fact.

Syl. Pt. 5, *Dunn v. Rockwell*, 689 S.E.2d 255, 258 (W. Va. 2009).

In applying the discovery rule in accordance with Step Three, courts consider when the plaintiff knew or should, with reasonable diligence, have known "(1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury." Syl. Pt. 4, *Gaither v. City Hosp., Inc.*, 487 S.E.2d 901, 903 (1997).

5

"The discovery rule has its origins in the fact that many times an injured party is unable to know of the existence of an injury or its cause." *Id.* at 908. "Where a plaintiff sustains a noticeable personal injury from a traumatic event, the statute of limitations begins to run and is not tolled because there may also be a latent injury arising from the same traumatic event." Syl. Pt. 6, *Goodwin v. Bayer Corp.*, 624 S.E.2d 562, 564 (W. Va. 2005) (quoting Syl. Pt. 3, *Jones v. Trustees of Bethany College,* 351 S.E.2d 183 (W. Va. 1986)).

"Ordinarily, a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, and the burden of establishing the affirmative defense rests on the defendant." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (internal citation omitted). A motion to dismiss under Rule 12(b)(6) may only reach an affirmative defense, including a defense asserting that the claim is time-barred, "if all facts necessary to the affirmative defense clearly appear on the face of the complaint." *Id.* (internal punctuation omitted) (citing *Richmond, Fredericksburg & Potomac R.R. v. Forst,* 4 F.3d 244, 250 (4th Cir.1993)). A defendant must also show "that the plaintiff's potential rejoinder to the affirmative defense was foreclosed by the allegations in the complaint" to prevail at the motion to dismiss stage. *Id.* at 466. Thus, where the discovery rule or another tolling doctrine may be applicable, a plaintiff must be given the opportunity to engage in discovery and present evidence. *Sansom v. TSI Corp.*, No. 2:17-CV-04444, 2019 WL 1179410, at *2 (S.D.W. Va. Mar. 13, 2019) (Goodwin, J.).

The Plaintiff filed this case within two years of learning that she was blind in her left eye following a cornea transplant. The requisite elements for her cause of action occurred when KLEB provided the allegedly flawed cornea for her transplant surgery and when she experienced damages as a result. She alleges that, following unsuccessful efforts to obtain information from

the Defendant, she still does not know what exactly was wrong with the cornea, and therefore lacks information necessary to establish causation—or even plead causation except by inference. Unlike the medical malpractice cases cited by the Defendant wherein courts found that a plaintiff's serious complications following medical treatment provided sufficient information to start the running of the statute of limitations, Ms. Russell needed sufficient information to identify the flawed corneal tissue as the cause of her injury, as opposed to an error by her doctor, a physical reaction not caused by tortious conduct, or some other cause.  Suffering blindness, rather than the initial swelling and deteriorating vision, may have helped pinpoint the corneal tissue as the likely cause, as well as establishing the existence of a serious injury with more than de minimis potential damages.

 Much information about the Plaintiff's injury, KLEB's actions, and when the Plaintiff discovered, or could have discovered, the elements of her claim, remains unavailable.  The Court finds that the allegations in the Complaint are not sufficient to establish when the Plaintiff knew or should have known through the exercise of reasonable diligence, of the elements of her cause of action, and analysis of the discovery rule cannot take place prior to discovery in this case.  In addition, the Plaintiff alleged that the Defendant refused to provide information about the cornea, preventing her from discovering information relevant to causation.  That allegation, if developed further, could support application of another tolling doctrine.  The Plaintiff is not required to establish applicability of a tolling doctrine at this stage.  Dismissal on an affirmative defense is appropriate only if that defense is clearly applicable on the face of the complaint, and the allegations in the complaint foreclose any other outcome.  The Defendant has not established

conclusively, from the face of the Complaint, that the statute of limitations had expired, and no tolling doctrine is applicable. Therefore, the motion to dismiss should be denied.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Defendant KLEB, Inc. d/b/a Kentucky Lions Eye Bank's Motion to Dismiss Plaintiffs' Complaint* (Document 7) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 29, 2024

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA